FILED

JUL 2 5 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RACHELLE EVANS, J. DAVID OVERLAND, and JAMES OLINGER, Plaintiffs, | * * * * | CIV 02-4041 |
| | * | MEMORANDUM OPINION AND ORDER REGARDING REVIEW OF CLERK'S TAXATION OF COSTS |
| -vs- | * * | |
| JOHN E. POTTER, Postmaster General, | * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

After a trial was held before the Court in the above-entitled action on November 22, 2004, through November 24, 2004, the Court entered judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure in favor of the Defendant and against Plaintiffs Rachelle Evans and David Overland. After considering all of the evidence and the applicable law, the Court announced its verdict in favor of the Defendant and against Plaintiff James Olinger, and entered judgment in favor of the Defendant on November 29, 2004. Doc. 76.

On February 16, 2005, the Defendant filed a bill of costs requesting $1,427.75 in costs. Doc. 77. Plaintiffs filed a timely objection to Defendant's bill of costs. Doc. 81. In their objection, Plaintiffs contend that Defendant's bill of costs is untimely under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 2412 (d)(1)(B). Plaintiffs contend that "Defendant had 30 days after final judgment in which to file his bill of costs." The Clerk taxed costs in the amount of $1,427.75. Doc. 85. Plaintiffs moved for review of the Clerk's taxation of costs. Doc. 88.

Neither Federal Rule of Civil Procedure 54 nor our Local Rule 54.1 provides a time limit for filing bills of cost. Compare Dickinson Supply, Inc., v. Montana-Dakota Utilities Co., 423 F.2d 106, 110 (8th Cir. 1970)(10-day period in North Dakota District Court local rule). Although 28 U.S.C. § 2412 (d)(1)(B) provides a time limit for filing bills of cost, Defendant contends that 28 U.S.C. § 2412 (d)(1)(B) does not apply to costs sought by an agency of the Federal Government. 28 U.S.C. § 2412 (d)(1)(B) provides in pertinent part: "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an

award under this subsection ... ." However, the definition of "party" in 28 U.S.C. § 2412 (d)(2)(B) does not include the Federal Government or its agencies. Also, even if the Court were to assume, without deciding, that 28 U.S.C. § 2412 (d)(1)(B) applied to this case, the filing of the bill of costs in this case was timely pursuant to terms of the statute.

"Final judgment" is defined in 28 U.S.C. § 2412 (d)(2)(G) as a "judgment that is final and not appealable." A judgment becomes a final judgment after the appeal period has run so that the judgment is no longer appealable. *See Pottsmith v. Barnhart*, 306 F.3d 526, 528 (8th Cir. 2002). The appeal period in the case at hand expired 60 days after the Court entered judgment in favor of the Defendant on November 29, 2004. Thus, the Defendant, by filing its bill of costs on February 16, 2005, would have filed a timely bill of costs under the requirements of 28 U.S.C. § 2412.

If Federal Rule of Civil Procedure 54 and our Local Rule 54.1 are alone determinative of the timeliness of the filing of the bill of costs, this Court does not conclude that the time of filing in this case was unreasonable or untimely. *See, e.g., Kaster v. Safeco Ins. Co. of America*, 2002 WL 31873414 (D. Kan.)(unreported opinion) (Kansas District Court rule provides that bill of costs shall be filed within 30 days after the expiration of the time allowed for appeal or after receipt by the clerk of an order terminating the action on appeal). Accordingly,

IT IS ORDERED:   (1) that the Plaintiff's objection to the Clerk's taxation of costs is overruled; and
(2) that the Clerk's taxation of costs is adopted for the reasons set forth in this Memorandum and Order.

Dated this _25_ day of July, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY

2